**Laurence Harmelin, Esquire**
**P.O. Box 3574**
**West Chester, PA  19381**
**610-696-2226**
**Attorney I.D. No. 32372**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

    vs.                                              :      Criminal No. 25-CR-387-1

KAREN McCREA                              :
                                                       :

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

I.     <u>INTRODUCTION</u>

The defendant, Karen McCrea, is a fifty-seven (57) year old woman who has been on pre-trial release since her initial appearance. She consented to be charged by an Information, filed on September 3, 2025. Shortly thereafter, on September 17, 2025, the defendant entered a guilty plea to the 1-Count Information, charging conspiracy to launder money.

The defendant has historically suffered, periodically, from depression, which she first experienced in 2018 due to the mental abuse that she suffered from her ex-husband. The defendant's mental health issues are delineated in the Presentence Investigation Report, at pages 13 and 14.

More recently, the defendant has, again, been experiencing symptoms of depression, after her son died in June of this year. While grieving the loss of her son, the defendant self-medicated, with marijuana. However, she has ceased marijuana usage, since the date of her guilty plea, when so advised by this Honorable Court.

The defendant has accepted responsibility for her actions, early, and repeatedly.

II.    <u>SENTENCE</u>

The Sentencing Guidelines' applicable range is 30 to 37 months incarceration.

Based upon the defendant's background and characteristics, as delineated in the Presentence Investigation Report, the undersigned respectfully requests that this Honorable Court grant a variance, and impose a sentence between sixteen (16) to twenty-one (21) months incarceration.

The reasons for the requested variance stem from the factors enumerated in Title 18 Section 3553, including, primarily, the history and characteristics of the defendant. Regarding the factors of providing adequate deterrence, as well as protecting the public from further crimes of the defendant, the undersigned agrees with the Pre-Sentence Investigation Report, at paragraph 111, i.e., "the defendant, based on her personal background and lack of prior criminal convictions, does not appear to pose a significant threat of recidivism; therefore specific deterrence may be accomplished outside the applicable guideline range. Furthermore, the defendant has the support and assistance of family to help ensure that she remains an honest and law-abiding citizen".

### **The defendant's background and characteristics**

The defendant's father passed away from a stroke, when the defendant was sixteen (16) years of age. Her family was greatly affected by his passing. The defendant went on to graduate from high school. Thereafter, she obtained a Bachelor of Science degree from Chestnut Hill College, in May of 2013.

The defendant married Ronald Byrd in September, 1988. However, due to her husband's crack cocaine abuse, the couple separated two years later, and eventually divorced.

Thereafter, she became involved in a five-year relationship with Dexter Scott. However, that relationship ended for "religious reasons", as Mr. Scott thought that, based upon Old Testament scripture, his marrying the defendant, a divorced woman, would "damn him". The couple did have a son, Dexter Scott, Jr., who died in June of this year.

The defendant has a history of marijuana usage. The Presentence Investigation Report details his history of substance abuse at paragraphs 73 through 75. The defendant has discontinued her usage of marijuana, since the date of her guilty plea in this matter.

The defendant has had a history of employment, as discussed at paragraphs 81 through 88 of the Presentence Investigation Report.

Consistent with her employment history, the defendant sought employment after her guilty plea, entered on September, 2025.

Currently, the defendant is employed as a substitute teacher at Impact Charter School, in Philadelphia. She has also been employed, since October of this year, as a part-time rideshare driver through Lyft Incorporated.

Additionally, the defendant volunteers her time to "sick and shut-in" senior citizens, homeless individuals, and individuals with intellectual disabilities. She also volunteers at a church in Wilmington, Delaware, once per week.

The undersigned respectfully requests that the defendant's sentence should reflect that her involvement in the instant offenses was not as extensive as that of her co-conspirator, "Tommy". She has no prior criminal record, a Prior Record of zero (0), and thus, she is not a recidivist.

The defendant was likely taken advantage of by "Tommy", a sophisticated con man, who was aware of the defendant's financial problems, and her need for money to make her dream, of establishing a Home for Unsung Veterans, a reality. She had been planning this project, for years, assisted by the business acumen and financial support of her father-in-law, Lucius McCrea. Lucius McCrea provided Ms. McCrea with one of his several rental properties, and retained an attorney to help Ms. McCrea obtain zoning approvals. The defendant's goal of opening the residence for homeless veterans was put on hold, after her father-in-law/financier's death, in January, 2018, years before she ever met "Tommy", and participated in his illegal scheme.

All of the aforementioned factors point towards a person who recognizes her wrongdoing, accepts responsibility, and possesses the mental wherewithal to remain marijuana-free, maintain employment, and become a physically and emotionally healthy, and productive member of society, upon her release. The defendant is interested in, and willing to partake in, and successfully complete, substance abuse treatment, so that she can "continue to feel good" without marijuana use.

For the foregoing reasons, the undersigned requests that this Honorable Court should grant a variance, and impose a sentence between sixteen (16) and twenty-one (21) months incarceration.

Respectfully submitted,

*Laurence Harmelin*
Laurence Harmelin

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Sentencing

Memorandum has been served by e-mail delivery to:

The Honorable Joshua D. Wolson
United States District Court, EDPA
601 Market Street
Philadelphia, PA 19106

Nancy E. Potts, Assistant U.S. Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Laurence Harmelin*
_____
Laurence Harmelin, Esquire
Attorney for Defendant,
Karen McCrae

Dated: 12/31/2025